■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL SALVIDAR, Appellant. [700 NYS2d 700] —Judgment,

Supreme Court, New York County (Bruce Allen, J.), rendered April 3, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's claims concerning the suppression hearing determination are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the arresting officer was justified in relying on the transmissions of another officer who had observed the entire drug transaction and remained in the area to direct the arrests (see, People v Ketcham, 93 NY2d 416). There was "no uncertainty concerning the identity of the individuals participating in the drug transaction". (People v Amoateng, 141 AD2d 398, 400, lv denied 73 NY2d 852.)

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The totality of defendant's conduct during the sale, including his response to the undercover officer's request to purchase drugs, warranted a reasonable inference that defendant was a participant in the sale. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Saxe, JJ.